## Case No. 17,968.

### WOOD v. WILLIAMS.

[Gilp. 517;[1] 1 Robb, Pat. Cas. 717.]

District Court, E. D. Pennsylvania.    Dec. 9, 1834.

VALIDITY OF PATENT RIGHT—PARTIES TO CONTROVERSY—UNITED STATES AS PLAINTIFF.

1. A controversy, respecting the validity of a patent right, is one strictly between the parties immediately concerned, although the public may have an eventual interest in it.

2. Under the patent laws, the United States are not a party in a litigation respecting the validity of any rights claimed or denied by virtue of those laws.

3. Where the district court, under the provisions of the act of 21st February, 1793 [1 Stat. 318], orders a scire facias to be issued against a patentee, on the prayer of a petitioner, they will not permit the United States to be substituted as plaintiffs in the place of the petitioner.

[This was a suit by Benjamin Wood against William Williams.] On the 23d May, 1834, a rule was granted on the defendant, to show cause why process should not be issued to repeal his patent, for a certain machine for hulling and clearing clover seed; under the provisions of the tenth section of the act of congress of 21st February, 1793,—1 Story's Laws, 303 [1 Stat. 323].

Meredith, for plaintiff. The affidavit of the plaintiff, on which the rule was granted, was read. This affidavit was not received as evidence, but read, de bene esse, by consent. The depositions of several witnesses, taken under a rule of court, were also read to support the motion.

Kittera, for defendant. It is denied that either the deposition of the plaintiff, on which the rule was granted, or a subsequent deposition made by him, is any evidence on this hearing. If the other testimony of the plaintiff furnishes a probable case against

the defendant, then the scire facias will be issued; otherwise the process will be refused. The facts of the case do not furnish such a one as will warrant the process prayed for.

Meredith, for plaintiff, in reply. The deposition of the plaintiff is evidence on this hearing. This is a prosecution, by the government of the United States, to repeal a patent improvidently issued by them; and the complainant is but the mover of the proceeding. The opinion of this court, in the case of Delano v. Scott [Case No. 3,753], shows that the original affidavit, on which the rule was granted, is good evidence at this hearing.

HOPKINSON, District Judge. No such thing was decided, or intended to be so, in that case. No such question was raised. In my opinion, I referred to the affidavit of the complainant, as exhibiting the ground of the application, and showing the allegations of the complainant against the defendant. I then proceeded to state the evidence by which the complainant had maintained his allegations; to wit: (1) A certain patent; (2) depositions of witnesses. The affidavit of the complainant is not mentioned as any part of the testimony. The paragraph quoted, towards the conclusion of the opinion, is a simple declaration, that the defendant had given no evidence to contradict the allegations of the complainant in his affidavit. From this it cannot be inferred that the affidavit was a part of the evidence on which the court acted. Whether, under the act of congress, this affidavit would be sufficient primâ facie evidence, to call for some proof on the part of the defendant, and would be enough to grant the process upon, if not impeached or contradicted, is a question that remains open.

Meredith, in continuation. It is contended that, on a full examination of the depositions produced, they are sufficient to sustain this application without the complainant's affidavit.

HOPKINSON, District Judge, observed that there was sufficient cause on the other depositions, exclusive of that of the complainant, which he put out of the case, without giving any opinion on its competency. It was unnecessary. A probable case had been made out against the defendant.

Rule made absolute, and process in the nature of a scire facias ordered to issue.

Afterwards, the counsel for the complainant, previous to taking out the scire facias as above ordered, moved the court for an order, that the cause be recorded and docketed, as an action wherein the United States are plaintiffs and William Williams is the defendant, and that the process of scire facias be issued as between those parties.

HOPKINSON, District Judge. The petitioner, in this case, has so far sustained his complaint, in the manner prescribed by the

---

[1] [Reported by Henry D. Gilpin, Esq.]

act of congress, that process has been ordered to issue against the said William Williams to repeal his patent. This process is a scire facias, and, previous to taking it out, the complainant has moved for an order, that the cause be now recorded or docketed, as an action wherein the United States are plaintiffs, and the said William Williams is the defendant; and that the process of scire facias be issued as between these parties.

No decision or practice, under the patent laws of the United States, has been adduced to support this motion; but a reliance is had upon the practice in the courts of England, in cases for the repeal of patents. The whole proceeding, both for obtaining a patent, and for revoking it, is so different in England from that prescribed by our law; the character and foundation of the right, are so dissimilar in the two countries, that we cannot look, for a rule on this question, to the courts of England; especially if, upon an examination of our act, we shall there find such an indication of the course of proceeding intended to be given, as will guide us through the present difficulty. In the case of Stearns v. Barrett [Case No. 13,337], Judge Story adverts to the difference between our patent laws and those of England. He says: "A scire facias is a process altogether confined to the crown, with the exception of the single case, where two patents have issued for the same thing, in which case the prior patentee may maintain a scire facias to repeal the second patent. But under our patent act, any person, whether a patentee or not, may apply for the repeal. There are other differences which it is not now necessary to enumerate."

I shall not find it necessary to go further than the act of congress, and the practice that has been adopted under it, so far as I have been able to obtain a knowledge of it, for the decision of the question now under consideration. This simply is, when process has been ordered and issued, by this court, for the repeal of a patent, and the allegations, upon which the process was ordered, are to be put in a shape for trial, who are the parties to the suit? By and between whom is the issue to be made? Are the United States to be introduced as the plaintiffs to maintain the issue, to prove the truth of these allegations against the patentee, who is, of course, the defendant? Is the petitioner or complainant, at whose instance and on whose affidavit of the truth of the cause of complaint, the proceeding was commenced, who called upon the patentee to answer the complaint, at whose prayer the process was granted, who, up to this point, has appeared alone as the adversary of the patentee, now to withdraw himself from the record and the case, and, at his pleasure, without the co-operation or assent of any officer or authority of the United States, to put them in his place to carry on the war which he has provoked; which he only has the

means of sustaining, or ought to have had when he commenced it?

On a careful review of the patent laws of the United States, I have found no indication of an intention, that the United States are to be brought in as a party to a litigation, respecting the validity of any rights claimed or denied under those laws. On the contrary, these rights are considered as the private rights of the party who has duly obtained them, and are afterwards to be impeached and defended as such. The parties to every suit for the trial of the right are the petitioner, on whose complaint the inquiry was instituted, and the patentee who asserts the right. The first is bound to make good his allegations that the patent was obtained surreptitiously, or upon false suggestions, and the other to defend himself against them. It is a controversy strictly between these parties, although the public may have an eventual interest in it. They have the same interest in every suit, in which the validity of a patent is contested; for if it be defeated, the pretended invention becomes a common property, as fully as if the letters patent had been repealed by the proceeding here adopted.

The proceeding, now in progress before the court, was instituted under the authority and directions of the tenth section of the act of 21st February, 1793. Do any of the provisions of this section give any countenance to the motion of the complainant? The first step in the proceeding to obtain the repeal of a patent, is an oath or affirmation, made before the district judge by the petitioner for the repeal, that the patent was obtained surreptitiously, or upon false suggestions. Upon this the judge, if the matter alleged appear to him to be sufficient, shall grant a rule, that the patentee show cause why process should not issue against him to repeal such patent. If, on the return and hearing of this rule, the cause shown to the contrary shall not be sufficient, the judge shall order process to be issued against the patentee. This process is a scire facias, upon which an issue is made, of fact or law as the case may be, and, on the trial, the petitioner or complainant is bound to make good the allegations contained in his petition and verified by his affidavit. He must prove affirmatively that the patent was obtained surreptitiously or upon false suggestions. The issue being thus tried, what is the judgment which, by the directions of the act, the court must render, as it is determined, for the one party or the other? If it shall be against the patentee, the judgment is, that his patent be repealed; "and if the party, (so he is denominated,) at whose complaint the process issued, shall have judgment against him, he shall pay all such costs as the defendant shall be put to, in defending the suit, to be taxed by the court."

Is it not clear that the makers of this law considered the parties before the court, the

parties to the suit commenced by the process of scire facias, to be the petitioner or complainant, now the plaintiff, on the one side, and the patentee, now the defendant, on the other? There is no meaning in the language of the act, on any other construction. The complainant is expressly called the party, against whom, if the complaint is not sustained, the judgment of the court is to be rendered; and who, by that judgment, is to be compelled to pay the costs of the patentee or defendant, as in other cases. Can the judgment in any suit be rendered against a person not a party to it? Is any one of these provisions consistent with the idea, that the United States are, at any stage of the proceeding, to be brought in by the motion of the complainant, and put upon the record as the plaintiffs in the suit, to have a judgment for costs rendered against them as "the party at whose complaint the process issued." The person or party, at whose complaint the process did issue, and who was bound to sustain the allegations upon which it was issued, withdraws himself, on his own motion, from the controversy, and puts the United States there in his place, to suffer the penalty of his failure to support his own cause of action or complaint. The judgment is to be rendered against the party at whose complaint the process issued, and this cannot be done, unless the same party is also the party to the suit when the issue is tried and the judgment upon it rendered.

The act of the 7th June, 1794 [1 Stat. 393], was passed to restore suits which had been commenced under the act of 10th April, 1790 [Id. 109], and had been suspended or abated by the repeal of that law. The enactment is, that such suits and process may be restored at the instance of the plaintiff or defendant, and "the parties to the said suits, actions, process or proceedings are entitled to proceed, provided that, before any order or proceeding, other than for continuing said suits. after the reinstating thereof, shall be entered or had, the defendant or plaintiff, as the case may be, against whom the same may have been reinstated, shall be brought into court by summons, attachment or such other proceeding, as is used in other cases, for compelling the appearance of a party." Assuredly this provision was never intended for a suit to which the United States are a party: nor could the court compel their appearance by summons, attachment or any other proceeding. The complainant and the patentee, are clearly considered by this act, to be the parties, plaintiff and defendant in the suit.

The practice of the courts, so far as I have obtained a knowledge of it, is in conformity with this view of the law. The case of Stearns v. Barrett [Case No. 13,337], stands on the docket, as reported, as a suit between the complainant and the patentee. Upon the return of the scire facias, the patentee, (that is, Barrett) as defendant, pleaded, "that his letters patent were not upon false suggestion or surreptitiously obtained, as set forth in the said writ, and thereof he puts himself upon the country; and the plaintiff (that is, Stearns) puts himself, as to this issue upon the country likewise." Upon the issue thus formed, the parties, that is, Barrett and Stearns, went to trial before a jury. A special verdict was returned, in which the complainant and patentee, and nobody else, are treated and spoken of as the parties, plaintiff and defendant. The jury find that the plaintiff has not supported his allegations, and therefore they find for the defendant: and, accordingly, the judgment of the court was rendered for the defendant. The learned judge, throughout a long examination of the case, on several controverted points, uniformly, as the jury in their verdict had done, speaks of the complainant and the patentee, as the plaintiff and defendant in the suit, and no other party is alluded to.

The clerk of this court has examined its records, and produced several actions for the repeal of patents. Some of them are upon motions for process, and some after the scire facias has issued. In all, the parties are stated on the record to be the complainant, as the plaintiff; and the patentee, as the defendant. Not an instance, in which the United States were introduced as the plaintiffs, or, in any other way, as a party to the proceeding or suit. has been shown by the counsel for this motion, or come to the knowledge of the court. The motion was overruled.